# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON MILLER,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 2:20-cv-5598-JDW |
| | : | |
| **JAMES SORBER, et al.,** | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 13th day of September, 2022, the Court notes as follows.

1. On January 5, 2021, Petitioner Vernon Miller filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

2. On February 4, 2021, the Court referred Mr. Miller's Petition to the Honorable Timothy R. Rice, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Later, this matter was reassigned to the Honorable Scott W. Reid, United States Magistrate Judge.

3. On July 21, 2022, Judge Reid issued an R&R, recommending that the Court dismiss Mr. Miller's Petition with prejudice because the claims he asserts are untimely or unexhausted and procedurally defaulted.

4. Pursuant to Local Rules of Civil Procedure 72.1(IV)(a), Mr. Miller's objections to the R&R, if any, were due on August 4, 2022. Mr. Miller has not filed any objections to date.

5. Upon review of Mr. Miller's Petition and Judge Reid's R&R, the Court concludes that Judge Reid was correct that the claims set forth in Mr. Miller's Petition are untimely or unexhausted and, therefore, procedurally defaulted.

6. *First*, Mr. Miller needed to raise any claims about his 2013 conviction by February 2, 2014. Mr. Miller did not file his Petition until nearly seven years later. The Court agrees with Judge Reid's finding that the AEDPA's tolling provision does not render this claim timely.

7. *Second*, Judge Reid was correct in finding that Mr. Miller's claim regarding the resentencing for his violation of probation ("VOP") is unexhausted and procedurally defaulted as a result. Mr. Miller did not raise this claim in a direct appeal of his VOP resentencing or in his first PCRA petition, and he has never presented any claim regarding his VOP sentence to the Pennsylvania Superior Court. The Court agrees that Mr. Miller has not set forth any valid basis to excuse his procedural default.

In light of the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. The Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**;
3. There is no probable cause to issue a certificate of appealability; and
4. The Clerk of the Court shall mark this case **CLOSED** for statistical purposes.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**